**Willis Jay WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–85–00240–CR.

Court of Appeals of Texas, San Antonio,

Oct. 30, 1985.

---

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

PER CURIAM.

*On State's Motion to Dismiss Appeal*

The State has filed a motion to dismiss the appeal in the instant cause. The State alleges that appellant failed to give notice of appeal as required by TEX.CODE CRIM. PROC.ANN. art. 44.08 (Vernon Supp.1985). We disagree with the State and deny the motion.

The State overlooks the fact that the transcript in this cause contains a "Certificate of Appeal to the Court of Appeals." This typed document shows on it's face that appellant gave oral notice of appeal on May 9, 1985. It also contains the cause number, the court in which the conviction occurred, the offense and the punishment assessed. This certificate is signed by the clerk of the court. The judgment shows that May 9, 1985 was the date sentence was suspended and appellant placed on probation.

The pertinent portion of article 44.08(a) recites:

> ... If notice is given orally in open court, *the clerk shall reduce the same to writing.* In either case, the clerk of the trial court shall note upon the duplicate the file number of the case and the date notice of appeal was filed or given and forward it to the appropriate court of appeals.... [Emphasis ours.]

We hold that the certificate of appeal signed by the clerk and contained in the transcript complies with the foregoing provision of article 40.09, *supra,* as the reduction to writing of appellant's oral notice of appeal.

We hold that appellant has given timely notice of appeal as required by article 40.-09, *supra.* Accordingly, the State's motion is denied.